UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SYLVESTER TRACKLING (#117085)

VERSUS                                              CIVIL ACTION

SGT. FLOYD SIMS                                     NUMBER 10-754-FJP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 15, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SYLVESTER TRACKLING (#117085)

VERSUS                                                        CIVIL ACTION

SGT. FLOYD SIMS                                    NUMBER 10-754-FJP-SCR

### MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Floyd Sims. Plaintiff alleged that Sgt. Sims asked him to participate in a sex act.

### Background and Procedural History

Plaintiff has filed nine complaints in this court since March 25, 2010, alleging that on nine separate occasions seven different correctional officers came to his cell or the holding area and asked the plaintiff to allow them to perform a sex act on him.[1] Plaintiff alleged that in most instances he allowed the correctional officer to either masturbate or perform oral sex on him for five to 25 minutes. In two instances, the plaintiff

---

[1] *Trackling v. Wilkinson*, CV 10-196-FJP-DLD; *Trackling v. Williams*, CV 10-197-JJB-DLD; *Trackling v. Howard*, CV 10-198-JVP-SCR; *Trackling v. Howard*, CV 10-244-JVP-SCR; *Trackling v. Small*, CV 10-245-JVP-CN; *Trackling v. Williams*, CV 10-343-JVP-SCR; *Trackling v. Howard*, CV 10-755-BAJ-CN; and *Trackling v. Howard*, CV 10-756-RET-CN.
  A court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983).

alleged that he declined to engage in any sexual activity.[2]  The only relief sought is that the correctional officers be removed from the plaintiff's housing unit.[3]

A hearing was held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) regarding the allegations made in CV 10-198-JVP-SCR, CV 10-244-JVP-SCR and CV 10-343-JVP-SCR.  With regard to the alleged sexual encounters, the plaintiff denied that he sustained an injury as a result of the incidents and stated that there are no witnesses to the incidents.

The three cases were dismissed pursuant to 42 U.S.C. § 1997e(e).  No appeal was taken.

## Instant Civil Action

In this action, the plaintiff alleged that on July 9, 2010, Sgt. Sims asked to perform oral sex on him but he declined.  The only relief the plaintiff sought is that Sgt. Sims be removed from the plaintiff's housing unit.

## Applicable Law

**A. Ths complaint is malicious**

Federal courts are statutorily mandated to "review, before

---

[2] *See* CV 10-754-FJP-SCR and CV 10-756-RET-CN.

[3] A review of the Investigative Report filed in response to the court's 30 Day Stay Order in CV 10-198-JVP-SCR showed that the plaintiff has accused 15 correctional officers from three different shifts of the similar sexual misconduct.  Following an internal investigation, all allegations were determined to be unfounded.  Record document number 17, pp. 50-52.

docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as this matter, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal-
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A district court may dismiss an in forma pauperis proceeding for frivolousness or maliciousness at any time, before or after service of process, and a district court is vested with especially broad discretion in determining whether such a dismissal is

warranted. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5 th Cir. 1988). A complaint is malicious if the plaintiff asserts against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." *Id*. When declaring that a successive in forma pauperis suit is malicious, the court should insure that the plaintiff obtains one bite at the litigation apple - but not more. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993).

In this action, the plaintiff asserted a claim that is the same or substantially similar to the claims raised in the other eight complaints identified herein. Although the date and location of the alleged incidents vary, the causes of action arise from the same series of events and allege essentially the same facts in each suit. Therefore, the instant complaint should be dismissed as malicious.

**B. No physical injury is alleged**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

(c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Subsection (e) of 42 U.S.C. § 1997e provides:

4

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the allegations in the complaint showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged incident.

Considering the plaintiff's allegation that nothing more than a conversation took place between the defendant and him, there are no conceivable plausible allegations of harm the plaintiff could allege to support the statutory injury requirement. Therefore, leave to amend the complaint is not warranted.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B), or alternatively for failure to allege a physical injury pursuant to 42 U.S.C. § 1997e(e) and without leave to amend.

Baton Rouge, Louisiana, November 15, 2010.

*[signature: Stephen C. Riedlinger]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE